979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joe L. TAYLOR, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3313.
 United States Court of Appeals, Federal Circuit.
 Sept. 24, 1992.
 
 Before PAULINE NEWMAN, ARCHER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Joe L. Taylor, Jr. (Taylor) petitions for review of the February 12, 1992 Merit Systems Protection Board (board) Order, No. CH07529110530, dismissing his petition for review as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 Taylor was removed from his position as a Mailhandler for the United States Postal Service effective May 20, 1991. He timely appealed his removal to the board and, on September 25, 1991, the Administrative Judge (AJ) affirmed Taylor's removal. The initial decision informed Taylor that the decision would become final on October 30, 1991 unless a petition for review was filed or the board reopened the case on its own motion. Taylor's representative filed a petition for review on November 6, 1991. He stated that the petition was late "due to the fact there was death in my family out-of-town." On November 27, 1991, the board notified Taylor and his representative that the petition was untimely and ordered him to submit an affidavit or statement under penalty of perjury establishing "good cause" for the late filing. 5 C.F.R. § 1201.114(f). In response, Taylor's representative submitted a statement reiterating that he "had to leave town due to death in my family." On February 12, 1992, the board determined that Taylor's reason for the untimely filing did not establish good cause. The board stated that Taylor's representative:
 
 
 3
 fails to state when the death occurred, when he left the area, when he returned, and why no one else could have filed in his absence. Nor did he request an extension prior to the filing deadline. In addition, [Taylor] could have filed the petition without the assistance of counsel....
 
 
 4
 (Board Opinion and Order at p. 3-4.) Accordingly, the board dismissed the petition for review.
 
 
 5
 The board may extend the time limit for filing a petition for review where good cause is shown for the untimeliness. 5 C.F.R. § 1201.113(d). The board has broad discretion to decide whether to waive the time for appeal, Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ), and this court will not substitute its judgment for that of the board, Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). Here, the AJ properly advised Taylor and his representative that a petition for review was due by October 30, 1991. Taylor failed to timely file his petition. It is well-settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). In the board's view, the explanation did not establish good cause for the delay in petitioning for review. The board's ruling was not an abuse of its broad discretion. See 5 U.S.C. § 7703(c) (1988).